IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WESTERN-SOUTHERN LIFE | § | |
| ASSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:07-CV-0270-D |
| VS. | § | |
| | § | |
| ELAINE HEAD, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The defendants-claimants in this interpleader action seek relief from a May 29, 2007 order

awarding the plaintiff-stakeholder its attorney's fees and costs, contending the fees awarded are

unreasonable and unnecessary.  For the reasons that follow, the court vacates the order and directs

the parties to proceed under the terms of this memorandum opinion and order.[1]

I

Plaintiff Western-Southern Life Assurance Company ("WS") filed this interpleader action

on February 9, 2007 against defendants Elaine Head and Margaret Rose Blessey Living Trust,

Elaine Head Trustee (collectively, "Head defendants"), and Shana Francisco, Britton Hayden

Soward, and Crystal Cline (collectively, "Francisco-Cline defendants").  The lawsuit arises from

competing claims to the proceeds of a $100,000 insurance policy that insured the life of Margaret

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Rose Blessey ("Blessey").  Blessey changed the policy beneficiaries in 2006, prior to her death on June 10, 2006.  Defendants are the competing claimants to the policy proceeds.

On April 27, 2007 WS filed a motion for award of costs and attorney's fees, seeking this relief based on its role as stakeholder in an interpleader action.  On the same date, the parties filed an agreed motion in which they consented to WS's depositing the proceeds of the life insurance policy into the court registry ($101,554.80) and to its being dismissed as a party and discharged of all liability.  On April 30, 2007 the court granted the motion.

On May 2, 2007 the defendants-claimants filed an agreed motion to remand the case to the Dallas County Probate Court.  That same day, the court denied the motion without prejudice, because the case had been filed in this court initially, not removed to this court.  Therefore, the proper procedure was to dismiss the case without prejudice to refiling it in the Probate Court, not to remand it.  On May 8, 2007 the defendants-claimants filed an agreed motion to dismiss and to transfer funds, which the court granted the same day.

On May 29, 2007 the court filed the order that is the subject of defendants-claimants' instant motions, awarding WS the sum of $10,001.69 in costs and attorney's fees.  On May 30, 2007 the Francisco-Cline defendants filed an opposition to orders on costs and attorney's fees.  They also filed a motion for new trial/reconsideration of award of costs and attorney's fees.  On May 31, 2007 the Head defendants filed a motion for new trial/reconsideration of award of costs and attorneys' fees, in which they adopted the motion filed by the Francisco-Cline defendants.

II

The court begins by addressing two threshold matters.  First, the court must determine the nature of defendants' motions.  This decision affects the standard under which the motions are to be decided.  Because the court did not conduct a trial in this case, the motions should not be treated as motions for "new trial."  *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *1 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.).  Because defendants filed their motions within ten days of the date the order was entered, the motions are more closely analogous to motions to alter or amend the judgment under Fed. R. Civ. P. 59(e) (although there was no "judgment" filed), and the court will decide them under the Rule 59(e) standard.

Second, the court did not, as defendants seem to argue, grant relief to WS based on a mistaken belief that WS's motion was unopposed.  The court assumed from the certificate of conference that the motion *was* opposed, because the parties could not agree concerning the relief sought.  And it ruled on WS's motion after the time for filing opposition responses had expired.  WS filed its motion on April 27, 2007.  Under N.D. Tex. Civ. R. 7.1(e), defendants' responses were due no later than May 17, 2007.  On May 29, 2007, almost *two weeks* after the responses were due, and in the absence of any opposition arguments, the court granted WS's motion.

III

The court now considers whether defendants are entitled to reconsideration of the order awarding WS costs and attorney's fees of $10,001.69.

The court's award is sufficiently analogous to entry of a default judgment that, in deciding defendants' motions, it will be guided by the factors considered when determining whether to set aside a default judgment.  The court considers such factors as whether the default was the result of

excusable neglect, whether setting aside the default would prejudice the adversary, and whether a meritorious defense is presented.  *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63-64 (5th Cir. 1992).[2]  "These factors are not 'talismanic,' and [the court] will consider others.  The ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default.  The district court need not consider all of these factors."  *Id.* (citations omitted).

Although defendants have not demonstrated excusable neglect for failing to respond to WS's motion, the court concludes that WS will not be prejudiced by setting aside the award, and that defendants have shown that they have a meritorious defense.  By setting aside the award, the court will simply subject WS's motion to the rigors that apply when an opposed motion is adjudicated.  WS has already filed its application, and it need not file another.  It may file a reply brief, if it so chooses, but that filing is optional.  And it can recover any reasonable additional attorney's fees and costs incurred in adjudicating its fee motion.  Additionally, defendants have shown, based on arguments concerning the reasonableness and necessity of the fees and services claimed, that they have a meritorious defense to the amount of the award that WS seeks.

IV

The court therefore vacates its May 29, 2007 order.  Within 20 days of the date this memorandum opinion and order is filed, defendants must file opposition responses (which may be a joint response) and evidence (in the form of the required appendix) to WS's April 27, 2007 motion for award of costs and attorney's fees.  WS may file a reply brief, if it chooses, within 15 days of the date a response is filed.

---

[2]*CJC Holdings* actually states that the first factor is "whether the default was willful," *CJC Holdings*, 979 F.2d at 64, but it "suggest[s] that district courts should use the less subjective excusable neglect standard in the future[,]" *id.*

In granting this relief, the court encourages the parties to resolve this matter by agreement, if they can. On the one hand, it does appear that WS's fee request is excessive, given the straightforward role that WS plays as an innocent stakeholder in a case involving a change in life insurance policy beneficiaries, and considering the degree of risk to WS, the size of the policy, and the amount in controversy. The fee award approximates 10% of the entire stake. On the other hand, defendants' arguments about the hourly rates WS's attorneys have charged may not persuade the court that the rates are unreasonable for attorneys of their experience and caliber. In the end, both sides should be able to reach a compromise that reflects reasonable compensation for the necessary services that WS's counsel have performed in a case of this type, taking into account the amount in controversy and the nature of the dispute.

**SO ORDERED**.

July 18, 2007.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE